UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EMANUEL TUCKER,

      Petitioner,

v.               **DECISION AND ORDER**
                08-CR-252S
                10-CV-461S

UNITED STATES OF AMERICA,

      Respondent.

  1.  Presently before this Court is the motion of pro se Petitioner Emanuel Tucker. (Docket No. 11). Petitioner originally filed this motion under 28 U.S.C. § 2241 on June 4, 2010, but by order dated August 16, 2010, this Court deemed the motion to be one to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Docket No. 12). As noted by Respondent, Petitioner made no objection to this recharacterization.[1] At the time he filed the instant motion, Petitioner was incarcerated following a plea agreement wherein he admitted to one of nine charges of violating the conditions of his supervised release. He was released from custody on September 10, 2010 and is again subject to supervised release.

  2.  Petitioner was initially convicted in 2000 in the Eastern District of Virginia for, inter alia, credit card fraud, and was sentenced to a term of 140 months imprisonment with a five-year term of supervised release. (Docket No. 1 at 14-16). In 2005, while serving his term of supervised release from that conviction, jurisdiction over Petitioner was transferred to this Court. (Id. at 13). Petitioner was subsequently charged with violating the conditions

---

[1] Petitioner supported his motion with what amounts to three separate supporting declarations (Docket No. 11), in response to which Respondent filed the opposing Attorney Affidavit of Thomas S. Duszkiewicz, Esq. (Docket No. 15). Petitioner did not file any reply.

of his supervised release. He entered into a plea agreement on March 16, 2009, wherein he waived his right to appeal any sentence of imprisonment which fell within or was less than the applicable sentencing range of 18 to 24 months. On April 8, 2009, Petitioner was sentenced to 21 months incarceration and a two-year term of supervised release. (Docket No. 10). Because Petitioner did not file an appeal, this judgment became final ten business days later. FED. R. APP. PROC. 4(b)(1)(A)(i) (2009) and 26 (a)(2) (2009); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005).

        3.      Section 2255 provides a one-year statute of limitations for filing a motion which runs from the latest of: (1) the date the judgment of conviction becomes final; (2) the date any impediment to filing created by the Government is removed; (3) the date the right asserted in the motion was first recognized by the Supreme Court, or (4) the date on which the facts supporting the claim presented in the motion could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 (f). As Respondent notes, it is unclear from Petitioner's arguments precisely what his claim is here, although it appears that Petitioner's argument may be that, because of the transfer from the Eastern District of Virginia, this Court lacks jurisdiction to revoke supervised release or impose a sentence for the violation thereof. (Docket No. 11 at 6-8 (basing his claim on the "revocation of a supervised release upon a default judgment which the Court no longer hold[s] title")). Nonetheless, there is nothing alleged in Petitioner's submission that would warrant tolling the limitations period after April 22, 2009, the date Petitioner's judgment of conviction on the violation charge became final. Thus, the instant motion was untimely filed after the expiration of § 2255's one-year statute of limitations. 28 U.S.C. § 2255 (f)(1); Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001). The motion is therefore denied.

IT HEREBY IS ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Docket No. 11) is DENIED.

FURTHER, that the Clerk of the Court is directed to close 08-CR-252S and 10-CV-461S.

SO ORDERED.

Dated: June 25, 2012
       Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
Chief Judge
United States District Court